UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN
GREEN BAY DIVISION

---

BIANCA WALKER
905 Irish Road, Apartment 4
Neenah, Wisconsin 54956

   Plaintiff,

  v.

TYSON PREPARED FOODS, INC.
2200 West Don Tyson Parkway
Springdale, Arkansas 72762

   Defendant

Case No: 21-cv-651

**JURY TRIAL DEMANDED**

---

## COMPLAINT

COMES NOW Plaintiff, Bianca Walker, by her counsel, WALCHESKE & LUZI, LLC, as and for a claim against Defendant, alleges and shows to the court as follows:

### JURISDICTION AND VENUE

1. This court has jurisdiction over this matter pursuant to 28 U.S.C. § 1331 because this case involves a federal question under the Family and Medical Leave Act of 1993, as amended, 29 U.S.C. § 2601 *et seq.* ("FMLA") and pursuant to 28 U.S.C. § 1343 because this case involves an Act of Congress providing for protection of civil rights.

2. Venue in this District is proper pursuant to 28 U.S.C. 1391(b) and (c), because Plaintiff resides in this District and Defendant has substantial and systematic contacts in this District.

## PARTIES AND COVERAGE

3. Plaintiff, Bianca Walker, is an adult female resident of the State of Wisconsin residing in Winnebago County with an address of 905 Irish Road, Apartment 4, Neenah, Wisconsin 54956.

4. Defendant, Tyson Prepared Foods, Inc., is an Arkansas-based corporation with a principal place of business of 2200 West Don Tyson Parkway, Springdale, Arkansas 72762.

5. Defendant owns, operates, and manages multiple physical locations in the State of Wisconsin, including at 3620 County Rd D, New London, Wisconsin 54961 (hereinafter Defendant's "New London, Wisconsin" location).

6. Defendant is a covered employer for purposes of the FMLA.

7. At the time of Plaintiff's FMLA leave requests, Plaintiff had been employed at Defendant for twelve (12) months and had worked at least 1250 hours during those twelve (12) months.

8. Plaintiff did not exceed the amount of FMLA leave for any FMLA leave entitlement period.

9. During Plaintiff's employment with Defendant, Plaintiff did not meet the criteria under 29 C.F.R. § 825.217(a), which defines "key employee" as used in the FMLA.

10. During Plaintiff's employment with Defendant, Defendant employed at least 50 employees within 75 miles of its New London, Wisconsin location.

11. Plaintiff has satisfied all administrative remedies and all conditions precedent to bringing this action.

## GENERAL ALLEGATIONS

12. In approximately November 2019, Plaintiff commenced employment with Defendant in the position of Machine Operator via a temporary staffing agency.

13. In approximately February 2020, Plaintiff became a full-time direct hire of Defendant in the position of Machine Operator.

14. During Plaintiff's employment with Defendant, Plaintiff reported directly Mary Thoma, Supervisor, who reported directly to Bruce Meyer, Manager. Also, during Plaintiff's employment with Defendant, Kyle Beals was Defendant's Human Resources Generalist.

15. Plaintiff suffers from Scoliosis, which is a permanent, physical health condition that negatively affects, among other things, the normal functioning of her spine.

16. During Plaintiff's employment with Defendant, Thoma, Meyer, and Beals (among others) were aware and/or had knowledge of Plaintiff's Scoliosis diagnosis.

17. Plaintiff's Scoliosis is considered a serious health condition under the FMLA.

18. During the year 2021, Plaintiff's Scoliosis and plans for back surgery required at least two (2) appointments and treatment visits with her health care provider(s) and/or treating physicians.

19. During the year 2021, Plaintiff's Scoliosis caused Plaintiff periods of incapacity.

20. During Plaintiff's employment with Defendant, Defendant contracted with a third-party company, Unum, to provide FMLA leave-related administration and services to Defendant's employees, including Plaintiff.

21. In approximately March 2021 and because of her Scoliosis, Plaintiff sought medical opinions from her health care provider(s) and scheduled back surgery in order to help better align her spine and alleviate her pain.

22. In approximately March 2021 and because of her Scoliosis, Plaintiff scheduled back surgery for May 7, 2021.

23. In approximately mid-March 2021, Unum was informed of Plaintiff's back surgery scheduled for May 7, 2021 because of her Scoliosis.

24. In approximately mid-March 2021, Defendant, including but not limited to Thoma and Beals, were informed of Plaintiff's back surgery scheduled for May 7, 2021 because of her Scoliosis.

25. In approximately mid-March 2021, Plaintiff requested FMLA leave from Unum for her back surgery scheduled for May 7, 2021 because of her Scoliosis.

26. In approximately mid-March 2021, Unum knew or was aware that Plaintiff was suffering from a serious health condition that could qualify for FMLA leave.

27. In approximately mid-March 2021, Defendant knew or was aware that Plaintiff was suffering from a serious health condition that could qualify for FMLA leave.

28. Plaintiff's back surgery scheduled for May 7, 2021 and subsequent recovery required inpatient care in a hospital.

29. Plaintiff's back surgery scheduled for May 7, 2021 and subsequent recovery rendered her unable to work at Defendant for the duration of her recovery.

30. In early April 2021, Unum timely received a completed FMLA health care certification on behalf of Plaintiff regarding Plaintiff's back surgery on May 7, 2021 and need to attend pre-operation ("pre-op") medical appointments for same on an intermittent basis.

31. In early April 2021, Defendant timely received a completed FMLA health care certification on behalf of Plaintiff regarding Plaintiff's back surgery on May 7, 2021 and need to attend pre-op medical appointments for same on an intermittent basis.

32. In early April 2021, Unum knew or was aware of Plaintiff's pre-op medical appointment scheduled for April 23, 2021 because of her serious health condition and in preparation for her back surgery on May 7, 2021.

33. In early April 2021, Defendant knew or was aware of Plaintiff's pre-op medical appointment scheduled for April 23, 2021 because of her serious health condition and in preparation for her back surgery on May 7, 2021.

34. Plaintiff properly complied with Defendant's notice policies and practices regarding her back surgery on May 7, 2021 and need to attend pre-op medical appointments for same on an intermittent basis because of her serious health condition.

35. Plaintiff properly complied with Defendant's notice policies and practices regarding her absence from work at Defendant on April 23, 2021 because of her serious health condition and in order to attend a pre-op medical appointment in preparation for her back surgery on May 7, 2021.

36. Plaintiff properly complied with Defendant's notice policies and practices regarding her absences from work at Defendant in April 2021 and May 2021 because of her own serious health condition.

37. On April 23, 2021, Plaintiff was absent from work at Defendant because of her serious health condition and in order to attend a pre-op medical appointment in preparation for her back surgery on May 7, 2021.

38. Plaintiff's absence from work at Defendant on April 23, 2021 because of her own serious health condition should have been FMLA-leave approved by Defendant and/or Unum.

39. On May 5, 2021, Defendant terminated Plaintiff's employment.

40. On May 5, 2021, Defendant terminated Plaintiff's employment because of her absence from work at Defendant on April 23, 2021 because of her own serious health condition, which should have been FMLA-leave approved by Defendant and/or Unum.

**CAUSE OF ACTION – FAMILY AND MEDICAL LEAVE ACT (INTERFERENCE)**

41. Plaintiff reasserts and incorporates all paragraphs set forth above as if restated herein.

42. Defendant intentionally interfered with Plaintiff's rights by terminating Plaintiff's employment for using, and/or in order to prevent her from using, protected leave, in violation of the Family and Medical Leave Act of 1993, as amended, 29 U.S.C. §§ 2601 *et seq.*

43. As a result of Defendant's intentional violations of the FMLA, Plaintiff suffered damages in the form of loss of wages and other employment benefits and insurance.

**WHEREFORE**, Plaintiff respectfully requests that this Court:

1. Order Defendant to make Plaintiff whole by providing back pay, front pay and/or reinstatement, liquidated damages, pre- and post-judgment interest, and reimbursement for other benefits and expenses to be shown at trial;

2. Grant to Plaintiff attorneys' fees, costs, and disbursements as provided by statute; and

3. Grant to Plaintiff whatever other relief this Court deems just and equitable.

**PLAINTIFF DEMANDS A JURY AS TO ALL TRIABLE ISSUES**

Dated this 25th day of May, 2021

                                              WALCHESKE & LUZI, LLC
Counsel for Plaintiff

**s/** ***Scott S. Luzi*** _____
James A. Walcheske, State Bar No. 1065635
Scott S. Luzi, State Bar No. 1067405
Matthew J. Tobin, State Bar No. 1097545

WALCHESKE & LUZI, LLC
235 N. Executive Drive, Suite 240
Brookfield, Wisconsin 53005
Telephone: (262) 780-1953
Fax: (262) 565-6469
E-Mail: jwalcheske@walcheskeluzi.com
E-Mail sluzi@walcheskeluzi.com
E-Mail mtobin@walcheskeluzi.com